UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| BENNY R. SHAW, ) | |
| ) | Case No. 08-CV-2187 |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS and CHAMPAIGN ) | |
| COUNTY STATE'S ATTORNEY'S ) | |
| OFFICE, ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION**

This case is before the court for ruling on the pro se Motion for Default Judgment (#28) filed by Plaintiff, Benny R. Shaw. This court, in the exercise of its discretion, concludes that default is not warranted in this case. Therefore, Plaintiff's pro se Motion for Default Judgment (#28) is DENIED.

FACTS

On August 3, 2008, Plaintiff filed his pro se Complaint (#4) against Defendants, Illinois Department of Corrections (IDOC) and Champaign County State's Attorney's Office. On April 1, 2009, Plaintiff filed a Second Alias Summons (#26) which showed that the IDOC was served with summons on March 26, 2009. On May 29, 2009, Plaintiff filed a Motion for Default Judgment as to the IDOC (#28). Plaintiff stated that the IDOC did not respond to the Complaint within the 60 days allowed following service of summons. Plaintiff asked that default be entered against the IDOC and that he be awarded the amount of $139,000.00.

On June 10, 2009, the IDOC filed Motion to Dismiss (#32) and a Memorandum in Support (#33). The IDOC argued that the IDOC is not subject to suit in actions brought under 42 U.S.C. §

1983 and also argued that Plaintiff's claims are barred by the statute of limitations. The IDOC also filed a Response to Plaintiff's Motion for Default Judgment (#34). The IDOC acknowledged that it had 60 days from March 26, 2009, to file a response to Plaintiff's Complaint. The IDOC's attorney stated that she incorrectly calendared a response date and did not file a Motion to Dismiss until June 10, 2009. The IDOC stated that it was not wilfully disregarding the pending litigation and argued that Plaintiff was not entitled to default judgment.

On June 15, 2009, Plaintiff filed a Response to Defendant's Response (#36). Plaintiff asked this court to grant his Motion for Default Judgment and find the IDOC's Motion to Dismiss untimely.

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default judgment against a party that "has failed to plead or otherwise defend." See Fed.R.Civ.P. 55(a),(b)(2). However, the decision to enter default lies within the district court's discretion. See Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995). The Seventh Circuit has recognized that default judgments "are not favored." Isby v. Clark, 100 F.3d 502, 504 (7th Cir. 1996). Accordingly, a district court may conclude in its discretion that a party's conduct was "hardly admirable" but still not the sort of "egregious conduct" that would warrant entering a default. See In re Hall, 304 F.3d 743, 748-49 (7th Cir. 2002).

In this case, the IDOC's response to Plaintiff's Complaint was due on May 26, 2009, and its Motion to Dismiss (#32) was filed on June 10, 2009. This court concludes that this short delay does not warrant the entry of a default judgment.

2

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Default Judgment (#28) is DENIED.

ENTERED this 29th day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE