**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| **BENNY R. SHAW,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**ILLINOIS DEPARTMENT OF** )<br>**CORRECTIONS and CHAMPAIGN** )<br>**COUNTY STATE'S ATTORNEY'S** )<br>**OFFICE,** )<br>)<br>**Defendants.** ) | Case No. 08-2187 |

# REPORT AND RECOMMENDATION

In August 2008, Plaintiff Benny R. Shaw filed a Complaint (#4) against Defendants, Illinois Department of Corrections (hereinafter "IDOC") and the Champaign County States Attorney's Office, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged constitutional claims.

In June 2009, Defendant IDOC filed a Motion To Dismiss (#32). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#32)** be **GRANTED**.

### I. Background

In his complaint, Plaintiff alleges that he pleaded guilty to attempted delivery of a controlled substance which is a class three felony. However, the sentencing order incorrectly referred to attempted manufacturing and delivery of a controlled substance, a class two felony. The amount of time an individual spends on parole depends on the classification of an offense. Because of the error in the sentencing order, IDOC was unable to properly determine Plaintiff's parole term.

IDOC noticed the error and Karen Davis, an employee of the Illinois River Correctional Facilities administrative office, contacted the Champaign County States Attorney's office and requested a corrected sentencing document. The States Attorney's office failed to respond. IDOC then amended the sentencing document to raise the classification of the offense from a class three offense to a class two offense. This amendment increased Plaintiff's parole term by one year, so the expiration date of Plaintiff's parole term was changed from March 14, 2007, to March 14, 2008.

Plaintiff alleges that he asked IDOC more than once to address the matter. In December 2007, IDOC contacted the States Attorney's office. The Sixth Judicial Court of Champaign County, Illinois, issued an amended nunc pro tunc order, correcting the initial mistake.

Plaintiff alleges that the failure to promptly correct the mistake violated his Eighth Amendment right to post bond because a parole warrant was issued on September 10, 2004, "a full six months after Plaintiff had legally served all the time required" by state law for the offense to which he plead guilty. (#4, p. 4.) He alleges that Defendants violated his right to due process because they never presented the new (class two) charge to Plaintiff. Plaintiff also alleges that the improper term of parole, specifically, the nine additional months he was on parole, violated his constitutional rights under the First and Fourth Amendments.

## II.  Standard of Review

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). However, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 550 U.S. at 545).

### III.  Analysis

Defendant IDOC argues that the Court should dismiss Plaintiff's complaint because IDOC is not a person with the meaning of 42 U.S.C. § 1983 and, therefore, not subject to suit under the statute. Alternatively, Defendant argues that the statute of limitations on Plaintiff's claims has expired.

Section 1983 is directed at "[e]very person" who causes a citizen to be deprived of their constitutional rights, privileges, and immunities. For purposes of the statute, a person is defined as "an individual, a trust or estate, a partnership, an association, or a corporation." 42 U.S.C. § 1997(3). The Supreme Court has interpreted the statute to mean that a state and its agencies are not persons under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

IDOC is not an individual, trust or estate, partnership, association, or corporation. Moreover, IDOC is an agency of the state. Therefore, IDOC is not a person within the meaning of the statute and is not subject to suit under 42 U.S.C. § 1983. Accordingly, the Court recommends granting Defendant's motion to dismiss.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Plaintiff's Complaint **(#32)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after

being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 15th day of July, 2009.

                                                                 s/ DAVID G. BERNTHAL
                                                                 U.S. MAGISTRATE JUDGE